**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ryan Thomas Lee Zerkle
*a minor, by and through parent and natural guardian, Ryan Zerkle*,

Plaintiff,

vs.

Andrew Avanessian, *et al.*,

Defendants.

Case No. 2:26-cv-01818-JAD-MDC

**ORDER DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1-1) WITHOUT PREJUDICE AND WITH LEAVE TO AMEND and DENYING PLAINTIFF's APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) WITHOUT PREJUDICE**

Pending before the Court is *pro se* plaintiff Ryan Zerkle's *Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1). For the reasons below, the Court *sua sponte* **DISMISSES** plaintiff's Complaint (ECF No. 1-1) without prejudice, and with leave to amend. The Court also **DENIES** plaintiff's IFP application without prejudice and with leave to refile. The plaintiff must file an amended complaint and refile his IFP application by **September 14, 2026**.

## I. DISCUSSION

There are two issues with the Complaint. The first issue is whether Ryan Zerkle's minor son, "ZW," is a proper plaintiff. While the Complaint seeks damages to cover ZW's therapy, the Complaint does not describe any injuries or grievances suffered by ZW to support such damages. In other words, there is no logical nexus between ZW, individually, and any asserted claim or damage. Instead, the Complaint alleges injuries and grievances experienced only by Ryan Zerkle.

The second issue with the Complaint is that a parent cannot *pro se* assert claims on behalf of child. Attorney representation is necessary. Thus, Mr. Zerkle, who is *pro se*, cannot assert claims on behalf of ZW.

//

//

**A. LEGAL PRINCIPLES**

**i. The "Standing" Requirement**

Standing is a legal doctrine that focuses on whether the person named as plaintiff is the "proper party to request an adjudication of a particular issue…." *Associated Students for Univ. of California at Riverside v. Att'y Gen. of U. S.*, 368 F. Supp. 11, 17 (C.D. Cal. 1973) (citation omitted) (internal quotation marks omitted). The "'gist of the question of standing'" is whether the plaintiff has alleged a sufficient "personal stake in the outcome of the controversy…." *Id.* (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962); *Flast v. Cohen*, 392 U.S. 83, 99 (1968)). Thus, a plaintiff must have suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized…." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks omitted). A plaintiff must show "'a logical nexus between the status asserted and the claim sought to be adjudicated.'" *Associated Students for Univ. of California at Riverside*, 368 F. Supp. at 17 (quoting *Flast*, 392 U.S. at 102; *Linda R. S. v. Richard D.*, 410 U.S. 614, 618 (1973)).

Courts have the power and the duty to raise the adequacy of standing on its own accord, *e.g.*, *sua sponte*. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing."); Fed. R. Civ. P. 12(h)(3) ( "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts also have inherent power to control their dockets "'with economy of time and effort for [themselves], for counsel, and for litigants.'" *Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

**ii. Pleading Standards**

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Id.* The Supreme

Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "'the line from conceivable to plausible.'" *Id.*, 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 547 (2007)). A complaint should be dismissed if it "appears beyond a doubt that plaintiff can prove no set of facts in support of [his] claims that would entitle [him] to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (citation omitted) (internal quotation marks omitted).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a complaint when filed together with an IFP application (per 28 U.S.C. §1915(e)), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment. *See Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995).

## B. ANALYSIS

### i. The Complaint Lacks Sufficient Facts To Establish That "ZW" Has Standing

In exercising its inherent power and duty to examine jurisdiction, the Court determines that the Complaint lacks sufficient facts to establish that ZW has standing. Liberally construing the Complaint, it remains unclear what wrongs, if any, that ZW individually suffered to support any of the claims or damages asserted. While it is apparent that the underlying circumstances arise from disputes regarding ZW's custody and some events alleged in the Complaint relate to ZW, the Complaint only alleges grievances, injuries, and wrongs experienced by Mr. Zerkle. For example, the Complaint alleges that Ryan Zerkle was denied visitation of ZW for several months; unlawfully detained and arrested to prevent him from picking up ZW; wrongfully accused of inappropriate contact with ZW; denied

employment opportunities; was deprived of certain Constitutional rights; and subjected to investigation by Child Protective Services. *See ECF No. 1-1*, Complaint Section III, Paragraphs 1, 2, 6, 9, 10, 11-15, 16. In sum, there are no unequivocal injuries, grievances, or claims suffered by ZW for which ZW has a stake in the outcome.

**ii. A Parent Cannot *Pro Se* Assert Claims On Behalf Of A Child**

While Mr. Zerkle may proceed *pro se* and represent himself, the Court lacks the ability to allow him to also represent ZW *pro se*. "A parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Abdul-Alim v. Clark Cnty. Sch. Dist.,* No. 2:23-CV-01677-MMD-NJK, 2024 WL 4039423, at *1 (D. Nev. Sept. 4, 2024) (quoting *Johns*, 114 F.3d at 877); *see also Garcia v. Cty. Of Fresno*, No. 1:16-cv-01340-LJO-SAB, 2017 WL 6383814, at *4 (E.D. Cal. December 14, 2017) ("[i]t is established that a non–attorney parent must be represented by counsel in bringing an action on behalf of the child."); *Williams v. Cnty. of Fresno*, 562 F.Supp.3d 1032, 1035 (E.C. Cal. 2021) (quoting *Garcia*, 2017 WL 6383814, at *4) (similar holding); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold

that under Fed.R.Civ.P. 17(c)[1] and 28 U.S.C. § 1654[2], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). Thus, when minor plaintiffs are not represented by counsel, "their claims must be dismissed." *Abdul-Alim*, 2024 WL 4039423, at *1.

## II. LEAVE TO AMEND

The Court dismisses the Complaint without prejudice so that Mr. Zerkle may obtain an attorney to pursue any claims on behalf of ZW. If an amended complaint is filed that includes claims by ZW, the amended complaint must also clearly allege wrongful conduct towards ZW (*e.g.*, grievances or injuries experienced by ZW). *See Abdul-Alim,* 2024 WL 4039423, at *2 ("[I]t is important that the Complaint is clear as to 'exactly *who* is alleged to have done *what* to *whom*' to ensure that Defendants have fair notice of which claims remain against them." (citation omitted)). If there are no claims by ZW or Mr. Zerkle would like to assert only his individual claims, then Mr. Zerkle may file an amended complaint without joining ZW and asserting only his individual claims.

An amended complaint supersedes the original complaint, which effectively ceases to exist. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

---

[1] Rule 17(c) provides:

> (c) Minor or Incompetent Person.
> (1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
> (A) a general guardian;
> (B) a committee;
> (C) a conservator; or
> (D) a like fiduciary.
> (2) *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action. *Id.*

[2] 28 U.S.C. § 1654 states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.*

Cir.1967)). Thus, an amended complaint must be "complete in and of itself" and may not reference or incorporate by reference the earlier complaint. LR 15-1(a).

The deadline to file an amended complaint is **September 14, 2026**. Plaintiff is cautioned that failure to timely file an amended complaint may result in a recommendation of dismissal of the action.

## III. CONCLUSION & ORDER

As set forth above, the Complaint fails to establish standing for ZW and any claims that ZW may have must be brought through attorney representation.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The Complaint (ECF No. 1-1) is **DISMISSED** without prejudice, and with leave to amend consistent with this Order.
2. Any amended complaint must be filed by **September 14, 2026**. Failure to timely file an amended complaint may result in a recommendation for dismissal of the action.
3. The plaintiff's IFP Application (ECF No. 1) is **DENIED** without prejudice as moot and may be refiled with an amended complaint.

DATED: August 3, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.